# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5421 | DATE | Feb. 27, 2003 |
| CASE TITLE | Daniel Jockell   v   Village of Lake Zurich | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered.
Defendant's objection (entitled "Motion for Reconsideration) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 0 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 52 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| GDS | courtroom deputy's initials | 03 FEB 28 PM 3:09 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL JOCKELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  01 C 5421 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| VILLAGE OF LAKE ZURICH, a municipal ) | |
| corporation, and MATTHEW MCGANNON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants' objection (incorrectly titled "Motion for Reconsideration") to Magistrate Judge Keys's order of December 16, 2002, compelling defendants to turn over certain documents in the possession of defendant Village of Lake Zurich ("Village") concerning the separation of defendant Matthew McGannon ("McGannon") from his employment as a Village police officer. Under Fed. R. Civ. P. 72(a), and the cases decided under that Rule, this court should not interfere with the magistrate judge's ruling unless it was clearly erroneous or contrary to law. The court finds that Magistrate Judge Keys's ruling was neither; in fact, it was clearly proper and in accordance with the law.

This court finds that the conduct of defendants' counsel in prosecuting this objection is particularly offensive. As he did in the proceedings before Magistrate Judge Keys, counsel Mark Smolens displays an arrogance and disrespect unbecoming of an officer of this court. He states, quite incorrectly, that the magistrate judge displayed a "patent lack of enlightenment," and misrepresents the magistrate judge's comment that the separation agreement at issue is a "typical agreement that is entered into in settlement of a case." It is clear from the transcript that

Magistrate Judge Keys was not referring to the particular type of separation agreement involved in this matter, in which McGannon was apparently separated for irregularities in connection with the documentation of a juvenile arrest (unrelated to the instant case), but the confidentiality clause contained in that agreement.

Defendants' counsel also states that Magistrate Judge Keys "had not bothered to review" McGannon's deposition transcript. This is inaccurate. Indeed, the record reflects that Magistrate Judge Keys was completely familiar with all the pertinent documents and transcripts presented to him, particularly including the deposition transcript that he addressed at the outset of the hearing. This court will not tolerate such inexcusable misrepresentations.

Getting to the merits of the instant objection, the record reflects that McGannon, at his deposition, was exceptionally obstreperous and refused to answer questions which clearly should have been answered over objection. Perhaps, as Magistrate Judge Keys suggested, counsel could have requested that the portion of the transcript to which he was making an objection be filed under seal until he could bring it to the attention of the magistrate judge. Instead, the witness refused to answer, and defense counsel concurred with that refusal over the strong objections of plaintiff's attorney. This is clearly improper. Absent a claim of privilege it is improper for counsel at a deposition to instruct a client not to answer. Eggleston v. Chicago Journeymen Plumber's Local Union No. 130, 657 F.2d 890, 902 (7th Cir. 1981).

At McGannon's deposition, the deponent testified that he left his position as a police officer with the Village to take a job as an insurance investigator. Plaintiff's counsel attempted, unsuccessfully, to determine whether McGannon's separation from the Village had anything to do with job performance. The witness either refused to answer the questions posed or left a clear

2

impression that the answer was negative by testifying that he no longer wanted to be a police officer. Magistrate Judge Keys, after reviewing the material submitted both in the record and in camera, concluded that the separation documents that defendants had refused to produce (in fact, defendants did not disclose their existence until the deposition itself, although defense counsel knew about them prior to the deposition) were relevant to McGannon's credibility. Magistrate Judge Keys's observation in this regard was clearly correct.

Moreover, defendants' continued arguments about whether these documents could ever be admitted at trial totally misses the mark. Fed. R. Civ. P. 26(b)(1) expressly states that discoverable information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." McGannon's real reason for leaving his employment with the Village appears to be more related to his disciplinary problems regarding the juvenile matter[1] than it does to any desire to change careers from being a police officer to being an insurance adjuster. Plaintiff is clearly entitled to impeach McGannon's credibility by properly using this information at trial, regardless of the admissibility of these documents.

Defendants' counsel has wasted enough of this court's and the magistrate judge's time with respect to this matter. Mr. Smolens improperly instructed his witness not to answer questions at the deposition, improperly sought to bar production of clearly relevant material and, worst of all, has pursued a frivolous and disrespectful objection to the magistrate judge's clearly

---

[1] Indeed, there may be reason to believe that other misconduct by McGannon contributed to his departure. The separation agreement provides, in part, that "any pending investigations, charges, allegations or disciplinary actions now being conducted by the [Village] . . . shall cease" and be kept confidential, and that the Village will not pursue "any criminal, civil, or administrative litigation arising out of pending charges filed against . . . McGannon."

correct ruling in this matter. Defendants' objection is denied. In addition, pursuant to Fed. R. Civ. P. 26(g)(3), the court finds that defendants' counsel, Mark Smolens, has violated his obligations under Fed. R. Civ. P. 26(g)(2) in filing this frivolous objection, and orders him (not defendants) to pay plaintiff his reasonable attorney's fees incurred in connection with responding to this objection. The parties are directed to follow Local Rule 54.3 in connection with the award of attorney's fees, and shall present the appropriate papers to Magistrate Judge Keys on a schedule to be set by him.

**ENTER:** **February 27, 2003**

Robert W. Gettleman
United States District Judge