Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5421 | **DATE** | 3/7/2003 |
| **CASE TITLE** | Daniel Jockell vs. Village of Lake Zurich et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's request that Defendants be assessed the fees and costs of bringing Plaintiff's Motion for Rule to Show Cause and for Sanctions [#32] is granted. Memorandum Opinion and Order entered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 10 2003 date docketed | 34 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 3/7/03 date mailed notice | |
| FT/ *sery* | courtroom deputy's initials | 03 MAR -7 PM 1:28 U.S. DISTRICT COURT date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| DANIEL JOCKELL, | ) Case No. 01 C 5421 |
| Plaintiff, | ) |
| v. | ) Judge Robert W. Gettleman |
| | ) Magistrate Judge |
| | )   Arlander Keys |
| VILLAGE OF LAKE ZURICH, a municipal corporation, and MATTHEW McGANNON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's request that Defendants be assessed the fees and costs of bringing his Motion for Rule to Show Cause and for Sanctions [#32]. For the reasons set forth below, the Motion is granted.

### Background

What started out on October 31, 2002 as a routine motion to compel compliance with outstanding discovery, followed by this Court's ruling on that motion, has escalated to the point of borderline contempt by and the issuance of sanctions against Mark Smolens, Defendants' counsel, on February 27, 2003, by the district judge.

Throughout these proceedings, Mr. Smolens has shown a complete

lack of consideration and respect for opposing counsel in the production of documents and scheduling of depositions of Defendants' witnesses, which has resulted in significant delays in the completion of discovery.

The undisputed chronology of events set forth in Plaintiff's August 31, 2002 Motion to Compel Compliance with Outstanding Written Discovery and to Compel Depositions, as well as his demeanor before this Court, clearly demonstrates that Mr. Smolens is intent on showing that he is in charge in these proceedings. His conduct during the depositions further reinforces the Court's opinion in that regard. According to Plaintiff's chronology, between June and October, 2002, Plaintiff's counsel attempted to schedule depositions of Defendants' witnesses on numerous occasions. When Mr. Smolens would not respond, the depositions would be noticed, only to have them cancelled, for various reasons, by Mr. Smolens. This has, thus far, resulted in three extensions of the discovery deadline.

While Mr. Smolens' conduct prior to the August 16, 2002 deposition of Defendant Matthew McGannon was totally unacceptable, his conduct during that deposition and thereafter has been deplorable. On November 25, 2002, after oral argument, this Court ordered that Defendants produce, by December 6, 2002, the clearly relevant documents that were the subject of the Motion to Compel, and that all depositions be completed by December 13, 2002. On

December 10, 2002, Mr. Smolens filed a Motion for Rule 26(c) Protective Order, seeking to withhold some of the documents that were encompassed, by definition, in the November 25, 2002 Order. On December 16, 2002, after in-camera review of the documents that Mr. Smolens sought to withhold, and after oral argument, the Court held that the documents clearly were relevant and that no reason existed for their withholding. Because the documents at issue had not been produced prior to Mr. McGannon's deposition, and because Mr. McGannon had not answered clearly relevant questions regarding incidents that were described in the documents, the Court ordered that Mr. McGannon be redeposed at the expense of Defendants. The Court reserved ruling on Plaintiff's request that the costs incurred by Plaintiff in bringing the December 10, 2002 Motion be borne by Defendants.

## **ANALYSIS**

As this Court held in its Order dated December 16, 2002, the documents submitted for in-camera inspection are clearly relevant to issues presented in this case. There was never any basis for withholding them. Indeed, while the parties to the Settlement Agreement provided that the agreement would remain "confidential," they provided further that it would not be disclosed except by court order. That Court Order issued on November 25, 2002.

In his response to the instant Motion, Mr. Smolens, who was present at the hearing, sarcastically asserted that the Court

"apparently" ordered that the documents and answers to supplemental interrogatories be produced by December 6, 2002. According to Mr. Smolens, he misdiaried the compliance date as December 10, 2002. Mr. Smolens denies Plaintiff's counsel's assertion that he told Plaintiff's counsel that he would not produce the documents or answers to supplemental interrogatories, but states that he merely informed Plaintiff's counsel that he would provide a "written response" to the Court's Order. That "written response" was the December 10, 2002 Motion for Protective Order.

The Court finds that Mr. Smolens' failure to comply with its Order of November 25, 2002 was inexcusable. As of this date, Mr. Smolens has not complied with the Order of this Court by turning over the documents involved. Attorneys are not free to disregard court orders with which they disagree. Moreover, counsel's arguments in support of his decision to withhold the settlement agreement and other documents are frivolous. That issue was determined in the Court's November 25, 2002 ruling. It was necessary for Plaintiff to file the Motion for Rule to Show Cause when Defendants' counsel did not comply with the Court's Order in its entirety. Therefore, Plaintiff is awarded the fees and costs of filing the motion and reply to Defendants' response, as well as the court appearance occasioned thereby. The fees and costs must be paid by Defendants' counsel and must not be billed to the client.

Finally, so that the Court can be assured that Defendants are not billed for the fees and costs of this Motion and the frivolous objections filed by Mr. Smolens to this Court's Order, he is hereby directed to provide copies of this Order and the February 27, 2003 Opinion and Order of Judge Gettleman to Defendants.

Dated: March 7, 2003    E N T E R:

*(signature)*
ARLANDER KEYS
United States Magistrate Judge